UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERLAN LYNELL DICEY,<br><br>    Plaintiff,<br><br>    v.<br><br>C. RAYNER, et al.,<br><br>    Defendants. | No.  2:15-cv-0927 TLN CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983.  On August 21, 2015, the court screened plaintiff's complaint under 28 U.S.C. § 1915A(a) and found service of process appropriate for defendants Rayner and Hasty with respect to plaintiff's claim arising under the Eighth Amendment concerning their use of pepper spray against plaintiff.  Defendants Rayner and Hasty have appeared and filed a motion to dismiss arguing plaintiff's remaining claims are time-barred.

Defendants' motion is brought under rule 12(b)(6) of the Federal Rules of Civil Procedure.  When reviewing such motions the court accepts all allegations of fact in the complaint as true and draws all reasonable inferences in favor of plaintiff.  TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).  "Dismissal on statute of limitations grounds can be granted pursuant to Fed. R. Civ. P. 12(b)(6) 'only if the assertions of the complaint, read with the required

/////

liberality, would not permit the plaintiff to prove that the statue was tolled.'" Id., quoting Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991).

The limitations period applicable to plaintiff's § 1983 claims is two years. Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004). Further, for prisoners incarcerated on a sentence of less than life imprisonment, the limitations period is tolled for two years. Jones v. Blanas, 393 F.3d 918, 927-28 (9th Cir. 2004). While it is not clear from plaintiff's complaint what sentence he is serving, the court assumes the two year tolling provision applies to the claims presented since defendants make no argument that it does not apply, nor do they present any evidence indicating plaintiff is serving a sentence of life imprisonment.

In his complaint, plaintiff alleges the acts which form the basis of his claims against defendants Rayner and Hasty occurred on February 1, 2011. Therefore, unless there is some additional basis for tolling,[1] plaintiff's complaint had to be submitted to a correctional official for mailing on or before January 31, 2015.[2]

The proof of service attached to plaintiff's complaint indicates that he first submitted his complaint to prison officials for mailing on January 22, 2015 and then "resubmitted" it on April 5, 2015. No further explanation is given within the body of the complaint.

Drawing all inferences in favor of plaintiff, as the court must, the court accepts that plaintiff gave his complaint to prison officials for mailing on January 22, 2015. For some reason,

---

[1] The court notes that documents attached to plaintiff's complaint indicate that plaintiff pursued administrative remedies with respect to his remaining claims, as plaintiff was required to do under 42 U.S.C. § 1997(e)(a). Those remedies were exhausted on February 9, 2012 when a "Director's Level Decision" was issued. Complt. at 30-31. Under California law, a statute of limitations is equitably tolled when a litigant has "several formal legal remedies and reasonably and in good faith pursues one." Donoghue v. County of Orange, 848 F.2d 926, 930 (9th Cir. 1987). Furthermore, equitable tolling is "most appropriate when the plaintiff is required to avail himself of an alternate course of action as a precondition to filing suit," Conley v. Int'l Bhd. of Elec. Workers Local 639, 810 F.2d 913, 915 (9th Cir 1987). However, the time during which plaintiff exhausted administrative remedies is of no consequence here because, while plaintiff was exhausting, the limitations period was already tolled by virtue of the fact that plaintiff was incarcerated. See Martin v. Biaggini, No. 12-cv-6287 JD, 2015 WL 1399240, at *3-4 (N.D. Cal. Mar. 26, 2015).

[2] Documents submitted to federal court are usually deemed filed on the day the document is given to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 270 (1988).

however, the complaint was never received by the court.  Plaintiff re-submitted his complaint to prison officials on April 5, 2015, and it was received by the court on April 29, 2015.  Assuming this recitation of events is accurate, it is possible that the limitations period would be equitably tolled between the first time plaintiff submitted his complaint to officials for mailing and the second time he did so.  In California, equitable tolling is applied to "prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice."  Lantzy v. Centex Homes, 31 Cal.4th 363, 370 (Cal. 2003).   Finally, there is nothing in plaintiff's complaint indicating that he could not prove that equitable tolling is appropriate.[3]

For all of these reasons, the court will recommend that defendants' motion to dismiss be denied, and defendants be ordered to file their answer.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1.  Defendants' motion to dismiss (ECF No. 14) be denied; and

2.  Defendants Hasty and Rayner be ordered to file their answer within 14 days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The

/////

/////

/////

---

[3]  The court notes that the parties have presented evidence which does not appear in plaintiff's complaint.  Generally speaking, the court cannot consider matters outside the pleadings when ruling on a motion to dismiss under rule 12(b)(6).  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  The court could consider judicially noticed facts pursuant to Rule 201 of the Federal Rules of Civil Procedure.  However none of the evidence presented by either party presents any fact which is "not subject to reasonable dispute because it:  (1) is generally known within the . . . court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 11, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
dice0927.57