UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERLAN LYNELL DICEY,<br><br>        Plaintiff,<br><br>    v.<br><br>C. RAYNER, et al.,<br><br>        Defendants. | No. 2:15-cv-00927 TLN CKD P |
| BERLAN LYNELL DICEY<br><br>        Plaintiff,<br><br>    v.<br><br>T. COBB, et al.,<br><br>        Defendants. | No. 2:14-cv-2661 TLN CKD P<br><br><u>ORDER</u> |

On June 19, 2017, a settlement conference was held in these 42 U.S.C. §1983 actions and a settlement agreement was reached. The terms of the agreement were recited on the record: in exchange for plaintiff agreeing to dismiss these actions with prejudice, the remaining defendants agree to pay plaintiff $6,000. The parties were ordered to file dispositional documents within 30 days. A motion by defendants in both actions to enforce the settlement agreement is before the court.

1

A district court has the inherent power to enforce a complete settlement agreement entered into while the litigation is pending before it. In re City of Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1995); Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). This enforcement power extends to oral agreements. Doi v. Halekulani Corp., 276 F.3d 1131, 1138 (9th Cir. 2002). The moving party has the burden of demonstrating that the parties formed a legally enforceable settlement agreement. In re Andreyev, 313 B.R. 302, 305 (B.A.P. 9th Cir. 2004) (citing 15A Am. Jur. 2d Compromise and Settlement § 57 (2000)).

"The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." Jeff D. v. Andrus, 899 F.2d 753, 759 (9th. Cir. 1989). Therefore, even though the underlying cause of action presented in this litigation is based upon a federal statute, this court applies California law regarding the formation and interpretation of contracts in determining whether a legally enforceable settlement agreement was reached. United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992); see also Harrop v. West. Airlines, Inc., 550 F.2d 1143, 1145 (9th Cir. 1977) (applying California law).

In California, oral settlement agreements made before the court and oral contracts are enforceable. Cal. Civ. Proc. Code § 664.6; Cal. Civ. Code § 1622. "The essential elements of a contract are: [1] parties capable of contracting; [2] the parties' consent; [3] a lawful object; and [4] sufficient cause or consideration." Lopez v. Charles Schwab & Co., Inc., 13 Cal. Rptr. 3d 544, 548 (Cal. Ct. App. 2004) (citing Cal. Civ. Code § 1550). "Mutual assent usually is manifested by an offer communicated to the offeree and an acceptance communicated to the offeror." Id. (citing Cal. Civ. Code § 1565). The existence of mutual consent is determined by objective criteria; the "parties' outward manifestations must show that the parties all agreed 'upon the same thing in the same sense.'" Weddington Prod., Inc., v. Flick, 71 Cal. Rptr. 2d 265, 277 (Cal. Ct. App. 1998) (quoting Cal. Civ. Code § 1580).

A review of the transcript of the settlement conference indicates that all of the factors identified above for the creation of an enforceable oral settlement agreement have been met and plaintiff generally does not dispute this. Instead, he asserts for the second time that he should be

permitted to back out of the agreement because, at the settlement conference, the magistrate judge incorrectly informed plaintiff that a particular prisoner disciplinary finding cannot be expunged due to the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). As the court has already indicated in its August 28, 2017 order, there is no evidence that the presiding magistrate judge misinformed plaintiff, and plaintiff's argument concerning the expungement of the prisoner disciplinary finding at issue does not provide any basis to set aside the agreement.

Accordingly, defendants' motion for enforcement of the settlement agreement will be granted. As requested by defendants, the court will order plaintiff to deliver to the defendants all documents necessary to effectuate all of the terms of settlement within 30 days. If plaintiff fails to do so, the court will recommend that these actions be dismissed with prejudice for plaintiff's failure to follow court orders under Federal Rule of Civil Procedure 41(b). Defendants will be ordered to file a stipulation of dismissal within 60 days. If plaintiff fails to provide defendants with a signed stipulation of dismissal, and if defendants have complied with all of the terms of the settlement agreement with which they could comply, defendants shall so inform the court and the court will recommend dismissal with prejudice as indicated above.

Finally, defendants ask the plaintiff be sanctioned in an amount they consider equal to the cost of the preparation of their motion for enforcement of the settlement agreement. At this point, plaintiff has only opposed enforcement of the agreement which the court does not view as amounting to "willful disobedience of a court order" as suggested by defendants. Plaintiff has made his arguments concerning the expungement of a prison disciplinary finding and those arguments have been rejected. Plaintiff is warned that further reliance on those arguments as a basis for not performing the terms required under the settlement agreement, or any other bad faith reason for failing to perform, will result in monetary sanctions along with dismissal of these actions with prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' October 5, 2017 motion for enforcement of the settlement agreement reached on June 19, 2017 is granted.

////

3

2. Plaintiff shall deliver to defendants all documents necessary to effectuate all of the terms of settlement in these cases within 30 days.

3. Defendants shall file a stipulation of dismissal within 60 days unless plaintiff fails to provide defendants with a signed stipulation of dismissal, in which case defendants shall so inform the court.

4. Defendants' motion for sanctions is denied.

Dated: May 23, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
dice0927.mfe